UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

KAREN POTTER, on behalf of herself and a
class of persons similarly situated,                    )
                                                        )
                                    Plaintiff,          )
                                                        )
            v.                                          )
                                                        )
CMS ENERGY CORPORATION,                                 )
CONSUMERS ENERGY COMPANY,                               )
EMPLOYEES' SAVINGS AND INCENTIVE                        )
PLAN OF CONSUMERS ENERGY                                )
COMPANY, LAURA MOUNTCASTLE,                             )
THOMAS A. MCNISH, WILLIAM T.                            )
MCCORMICK JR., JOHN M. DEUTCH,                          )
JAMES J. DUDERSTADT, KATHLEEN R.                        )
FLAHERTY, EARL D. HOLTON, DAVID W.                      )
JOOS, WILLIAM U. PARFET, PERCY A.                       )
PIERRE, KENNETH L. WAY, KENNETH                         )
WHIPPLE, AND JOHN YASINSKY AND                          )
JOHN DOES 1-30, AND RICHARD ROES 1-                     )
30,                                                     )
                                                        )
                                    Defendants.         )
_____ )

Case No. **0 2 - 7 2 9 4 3**

COMPLAINT FOR VIOLATIONS OF
THE EMPLOYEE RETIREMENT
INCOME SECURITIES ACT

CLASS ACTION COMPLAINT

**PAUL D. BORMAN**

MAGISTRATE JUDGE CARLSON

For her Complaint against Defendants, Plaintiff alleges as follows:

## I. NATURE OF THE ACTION

1.      This is a civil enforcement action brought pursuant to § 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132.

2.      The lawsuit concerns the Employees' Savings and Incentive Plan of Consumers Energy Company (the "Plan"), a retirement plan established by Consumers Energy Company ("Consumers") as a benefit for its employees to permit tax-advantaged savings for retirement and other long-term goals.  Consumers is a subsidiary of CMS Energy Corporation ("CMS").  The Plan is a defined contribution plan covering Consumers "regular" employees in the United States.

3.      The Plaintiff, Karen Potter, is an employee of Consumers and is a participant in the Plan. Plaintiff alleges that Defendants, CMS, Consumers and certain individuals, are fiduciaries of the Plan, and breached their fiduciary duties to her and to the other participants and

Page 1

M:\TM\CLASS ACTION\COMPLAINT.DOC

1  beneficiaries of the Plan, in violation of ERISA §409, 29 U.S.C. §1109, in connection with the
2  Plan's holdings of CMS stock.  Plaintiff alleges that Defendants are obliged under ERISA to
3  make the Plan whole for the losses suffered as a result of Defendants' failure to discharge their
4  fiduciary obligations.

5      4.  Because her claims apply to the participants and beneficiaries as a whole, and
6  because ERISA authorizes a participant such as Ms. Potter to sue for plan-wide relief for
7  breaches of fiduciary duty, she brings this action on behalf of herself and all the participants and
8  beneficiaries of the Plan during the relevant period.

9  ## II. JURISDICTION AND VENUE

10      5.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.
11  §1331 (federal questions) and ERISA §502(e)(1), 29 U.S.C. §1132(e)(1).

12      6.  This Court has personal jurisdiction over the Defendants as the Court has subject
13  matter jurisdiction under ERISA.

14      7.  Venue is proper in this district pursuant to ERISA §502(e)(2), 29 U.S.C.
15  §1132(e)(2), because the Plan was administered in this district, some or all of the fiduciary
16  breaches for which relief is sought occurred in this district, and some Defendants reside in this
17  district.  In addition, CMS' and Consumers' principal executive offices are located in this
18  district.

19  ## III. PARTIES

20      8.  Plaintiff is a resident of Michigan.  She is a current employee of Consumers
21  Energy, and is a participant in the Plan.  Her Plan account balances have been invested in CMS
22  stock in the CMS Stock Fund, representing a substantial portion of her total savings in the Plan.
23  Since August 2000, the value of CMS stock dropped from approximately $30.00 per share to the
24  present day value of approximately $11.00 per share, representing a loss of approximately 63%.

25      9.  Defendant CMS is a Michigan corporation with its principal place of business and
26  chief executive offices located at Dearborn, Michigan.  CMS' stock is publicly traded under the
symbol CMS.

Page 2

M:\TM\CLASS ACTION\COMPLAINT.DOC

10.     Defendant Consumers Energy Company is a Michigan corporation with its principal place of business located at Jackson, Michigan. Consumers is the principal subsidiary of CMS.

11.     Defendant Thomas A. McNish was a Plan Administrator and was the Vice President and Secretary of CMS and Consumers during times relevant to this action.

12.     Defendant Laura Mountcastle was a Plan Administrator and was the Vice President, Investor Relations and Treasurer of CMS and Consumers during times relevant to this action.

13.     Defendant Kenneth Whipple was chair of the Finance and Pension Committee of the Board of Directors of CMS, and was a director and the Chief Executive Officer of CMS during times relevant to this action. A function of the Finance and Pension Committee is to review the administration of the employee benefit plans.

14.     Defendant Kathleen R. Flaherty was a member of the Finance and Pension Committee of the Board of Directors of CMS and was a director of the CMS during times relevant to this action. A function of the Finance and Pension Committee is to review the administration of the employee benefit plans.

15.     Defendant Earl D. Holton was a member Finance and Pension Committee and a director of the CMS during times relevant to this action. A function of the Finance and Pension Committee is to review the administration of the employee benefit plans.

16.     Defendant William U. Parfet was a member Finance and Pension Committee of the Board of Directors of CMS and was a director of the CMS during times relevant to this action. A function of the Finance and Pension Committee is to review the administration of the employee benefit plans.

17.     Defendant Kenneth L. Way was a member Finance and Pension Committee of the Board of Directors of CMS and was a director of the CMS during times relevant to this action. A function of the Finance and Pension Committee is to review the administration of the employee benefit plans.

Page 3

18.     Defendants John Does 1-30 are residents of the United States are or were members of the Plan's administrative committee(s) during the Class Period. Their identity is currently unknown to Plaintiff. Once their identity is discovered, Plaintiff will seek leave to amend to join them under their true names.

19.     The remaining Defendants were members of the Board of Directors of CMS during times relevant to this action, as follows: William T. McCormick Jr., John M. Deutch, James J. Duderstadt, David W. Joos, Percy A. Pierre, and John Yasinsky. They are named here both individually and as constituting the Board of Directors of CMS for those years.

20.     Richard Roes 1-30 are residents of the United States and are or were members of the CMS' Board of Directors during the Class Period. Their identity is now unknown to Plaintiff. Once their identity is discovered, Plaintiff will seek leave to amend to join them under their true names.

## IV. APPROPRIATENESS OF CLASS ACTION

21.     Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and a class ("Plan Class" or "Class") of all persons similarly situated. The Class consists of all persons who were participants in or beneficiaries of the Plan, excluding the Defendants, at any time from August 3, 2000, to the present (the "Class Period"), and who made or maintained investments in the CMS Stock Fund.

22.     Plaintiff meets the prerequisites to bring this action on behalf of the Class because:

•     **Numerosity.** The Class consists of over 11,000 individuals and is so numerous that joinder of all members as individual plaintiffs is impracticable.

•     **Commonality.** These are questions of law and fact common to the Class.

•     **Typicality.** The Plaintiff's claims are typical of the claims of the class.

•     **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Class. She has no interests that are antagonistic to or in conflict with the interest of the Class as a

whole, and she has engaged competent counsel, experienced in class actions and complex litigation.

23.    This action is maintainable as a class action for the following independent reasons:

    a.    The prosecution of separate actions by the members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, which would establish incompatible standards of conduct for Defendants. Fed. R. Civ. P. 23(b)(1)(A).

    b.    The prosecution of separate actions by the members of the Class would create a risk of adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.  Fed. R. Civ. P. 23(b)(1)(B).

    c.    The Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive, declaratory, or other appropriate equitable relief with respect to the Class as a whole. Fed. R. Civ. P. 23(b)(2).

    d.    Questions of law and fact common to members of the Class predominate over any questions affecting only individual members, and the class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Fed. R. Civ. P. 23(b)(3).

24.    There are one or more putative or certified class action securities cases pending against CMS and other defendants. The claims herein are under ERISA and related principles of federal common law and are not being asserted by the plaintiffs in those other class actions. The named plaintiffs in those class actions do not adequately represent the plaintiff or the Class herein with respect to ERISA claims and may be subject to defenses and limitations of liability under the PSLRA and other statutes and Rules that do not apply to the claims asserted herein.

Page 5

M.\TM\CLASS ACTION\COMPLAINT.DOC

25.     On information and belief, as required by ERISA, defendants carry insurance for claims asserted herein that may not cover the claims asserted against defendants in the securities class actions.

26.     The Class consists of persons who were participants in the Plan at any time from August 3, 2000 through the present (the "Class Period").

27.     There are people in this Class who are not members of the classes or putative classes in the securities class action cases.

28.     There are defendants in this case who are not defendants in the securities class actions.

## V. FACTUAL ALLEGATIONS

### A.     The Plan.

29.     By information and belief, the Plan is an "employee pension benefit plan" within the meaning of ERISA §3(2)(A), 29 U.S.C. §1002(2)(A).  Further, it is an "eligible individual account plan" within the meaning of ERISA §407(d)(3), 29 U.S.C. §1107(d)(3), and also a "qualified cash or deferred arrangement" within the meaning of I.R.C. §401(k), 26 U.S.C. §401(k).  The Plan is not a party to this action except nominally.  Pursuant to ERISA, the relief requested in this action is for the benefit of the Plan.

30.     Consumers Energy Company, the principal subsidiary of CMS, is the sponsor of the Plan.  Its Sponsor Identification Number is 38-0442310 and the Plan Number is 002.  The Plan was established in 1961.

31.     Subject to Internal Revenue Service limitations, participants of the Plan were permitted to contribute up to 16% of their pay – in before and after tax payroll deductions – to the Plan.  Participants directed the investment of their contributions to various investment options available in the Plan.

32.     Most of these options were diversified mutual funds.  However, the options also included the CMS Stock Fund, Fund C (the "Fund").  The Fund invested solely in CMS stock, with a small portion in cash equivalents for administrative purposes.

Page 6

33.     Consumers provided matching contributions of up to 3% of an employee's salary. All matching employer contributions were allocated to the Fund, and were therefore invested in CMS Stock.

34.     In addition, Consumers provided incentive contributions.     All incentive contributions were allocated to the Fund, and were therefore invested in CMS Stock.

35.     The Fund contained over $270 million in CMS stock as of December 31, 2000. At that time, CMS stock was trading at approximately $32.00 per share.  Presently, CMS stock is trading at approximately $11.00 per share.

**B.     Defendants' Fiduciary Status.**

36.     During the Class Period, all of the Defendants acted as fiduciaries of the Plan pursuant to ERISA §3(21)(A), 29 U.S.C. §1002(21)(A).

37.     *Named fiduciary*.  ERISA requires every plan to provide for one or more named fiduciaries, who will have "authority to control and manage the operation and administration of the plan." ERISA § 402(a)(1), 29 U.S.C. 1102(a)(1).

38.     *De Facto fiduciary*.  ERISA treats as fiduciaries not only persons explicitly named as fiduciaries under § 402(a)(1), but also any other persons who in fact perform fiduciary functions.  ERISA § 3(21)(A)(i), 29 U.S.C. § 1002(21)(A)(i) (stating that a person is a fiduciary "to the extent . . . he exercises any discretionary authority or discretionary control respective management of such plan or exercises any authority or control respecting management of disposition of its assets . . . .").

39.     By information and belief, Defendants include named and *de facto* fiduciaries with respect to the Plan.  All Defendants exercised discretionary authority or discretionary control respecting management of such Plan; and/or exercised authority or control respecting management or disposition of the Plan's assets; and/or had discretionary authority or discretionary responsibility in the administration of the Plan. 29 U.S.C. § 1002(21)(A).

40.    Instead of delegating fiduciary responsibility for the Plan to external service providers, CMS chose to comply with the requirement of section 402(a)(1) by internalizing the fiduciary function. It did so in various ways.

41.    At relevant times during the Class Period, CMS designated Mr. McNish and Ms. Mountcastle as the Plan Administrators, thereby making them *named fiduciaries* of the Plan. At the same time that they served as Plan Administrators, Mr. McNish and Ms. Mountcastle were CMS and Consumer employees acting on behalf of their employers in the course and scope of their employment. Therefore, their fiduciary status is attributed to CMS and Consumers.

42.    Upon information and belief, during the Class Period, the Board of Directors of CMS, and its individual members, had the fiduciary responsibility to appoint and monitor the members of the Finance and Pension Committee. To that extent, the Board and its members performed fiduciary functions, and thereby also acted as fiduciaries under ERISA.

43.    During the Class period, and before, CMS' and Consumers' direct and indirect communications with Plan participants included material misrepresentations and omissions which caused plan participants and beneficiaries to continue to purchase, and to hold and maintain investments in the CMS Stock Fund in the Plan, and to accept at face value investments in the CMS Stock Fund. These communications included but were not limited to summary plan descriptions, prospectuses, SEC filings, annual reports, and press releases. CMS and Consumers thereby also acted as fiduciaries under ERISA to the extent of this activity.

44.    The Summary Plan Description ("SPD") provided to all participants, expressly incorporates by reference CMS' SEC filings.    Under the heading "SECURITIES INFORMATION," the SPD states:

> Certain documents which are filed regularly with the Securities and Exchange Commission are hereby incorporated by reference and are a part of the Securities Act Section (10)(a) prospectus and the registration statement. These include CMS Energy's annual report on Form 10-K, its quarterly reports on Form 10-Q, the annual report of the Plan on Form 11-K and interim reports on Form 8-K.

**C.    CMS' Unlawful Accounting Practices, and Artificial Inflation of Stock Value.**

45.    Upon information and belief, during the Class Period, and before, CMS and its executive officers knew or should have known about numerous questionable and potentially unlawful practices that made CMS' stock an inappropriate Plan investment. These practices, which have now been widely reported in the financial press, included, but were not limited to, the following:

a.    The manipulation of earnings over a two year period, including using improper accounting techniques to inflate revenue and expenses by $4.4 billion over 18 months in an attempt by defendants to position CMS as a leading energy trader.

b.    Concealing its true economic activity by failing to disclose that CMS had engaged in simultaneous buys and sells of energy, "round trip trading," that had no economic value .

46.    The consequences of CMS' misconduct included, but were not limited to the following:

a.    An informal inquiry by the SEC in connection with the simultaneous purchases and sales of electricity with the same counterparties at the same price.

b.    A restatement by CMS of two years of financial statements (2000-2001), eliminating approximately $1 billion in revenues in 2000, and an adjustment to previously restated 2001 results.

c.    The dismissal of CMS' auditor, Arthur Andersen LLP, in April, 2002.

d.    Creation of a new special committee of independent directors to investigate matters surrounding "round trip trades" conducted by CMS' energy marketing unit.

47.    As fiduciaries for the Plan, Defendants should have provided participants and beneficiaries with accurate and complete information regarding CMS stock, such that they could have appreciated the true risk presented by investment in the stock, could have made informed

1 decisions regarding their retirement benefits as opposed to decisions based on incomplete,
2 inaccurate, and misleading information.

3   48.   Because Defendants knew or should have known about CMS' irregular and
4 potentially unlawful accounting practices, and the consequent artificial inflation of CMS stock,
5 Defendants should have acted to ensure that the Plan was protected against loss incurred as a
6 result of investment in CMS stock.

7   49.   In addition, in light of the above, Defendants should not have contributed CMS
8 stock to the Plan. Defendants knew or should have known that such investments were imprudent
9 and harmful to participants and beneficiaries. Therefore, as fiduciaries for the Plan, Defendants
10 had a duty to refrain from such activity.

11   50.   Upon information and belief, Defendants continued to invest or allow investment
12 of Plan Assets in CMS stock even after the CMS' irregular and potentially unlawful accounting
13 practices were made public, and, thus, at such time that no reasonable fiduciary possibly could
14 have concluded that investment of Plan assets in CMS stock was prudent.

15                    **VI. CLAIMS FOR RELIEF**

16                            **COUNT I**
17   **FAILURE TO PROVIDE COMPLETE AND ACCURATE INFORMATION
     TO PARTICIPANTS AND BENEFICIARIES**

18   **(Breaches of fiduciary and co-fiduciary duties in violation of ERISA, 29 U.S.C. §**
19                **1104(a)(1)(A)-(D), 29 U.S.C. § 1105)**

20   51.   Plaintiff incorporate the allegations contained in the previous paragraphs of this
21 Complaint as if fully set forth herein.

22   52.   At all relevant times, Defendants acted as fiduciaries within the meaning of
23 ERISA 3(21)(A), 29 U.S.C. § 1002(21)(A).

24   53.   ERISA imposes strict fiduciary duties upon plan fiduciaries. ERISA § 404(a), 29
25 U.S.C. § 1104(a), states, in relevant part, that:

26
             [A] fiduciary shall discharge his duties with respect to a plan solely
             in the interest of the participants and beneficiaries and ---

Page 10

M:\TM\CLASS ACTION\COMPLAINT.DOC

(A)  for the exclusive purpose of

  (i)   providing benefits to participants and their
        beneficiaries; and

  (ii)  defraying reasonable expenses of administering the
        plan;

(B)  with the care, skill, prudence, and diligence under the
     circumstances then prevailing that a prudent man acting in
     a like capacity and familiar with such matters would use in
     the conduct of an enterprise of like character and with like
     aims;

(C)  by diversifying the investments of the plan so as to
     minimize the risk of large losses, unless under the
     circumstances it is clearly prudent not to do so; and

(D)  in accordance with the documents and instruments
     governing the plan insofar as such documents and
     instruments are consistent with the provisions of this title
     and Title IV.

54.   Moreover, ERISA fiduciaries have a duty to speak truthfully, to not mislead participants and to disclose truthful information that participants need in order to exercise their rights under the plan.

55.   In a plan with various funds available for investment, this duty to inform and disclose also includes: (1) the duty to provide plan participants with material information that is sufficient to advise the average plan participant of the risks associated with investing in any particular fund; and (2) the duty to refrain from material misrepresentations regarding, among other things, the value of company stock that participants may acquire under the plan.

56.   ERISA also imposes strict co-fiduciary duties on plan fiduciaries. ERISA § 405, 29 U.S.C. § 1105, states, in relevant part, that:

    In addition to any liability which he may have under any other
    provision of this part, a fiduciary with respect to a plan shall be
    liable for a breach of fiduciary responsibility of another fiduciary
    with respect to the same plan in the following circumstances:

    (1)  if he participates knowingly in, or knowingly undertakes to
         conceal, an act or omission of such other fiduciary,
         knowing such act or omission is a breach; or

Page 11

(2) if, by his failure to comply with section 404(a)(1) in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or

(3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.

57. Defendants breached their fiduciary and co-fiduciary duties by failing to provide participants and beneficiaries with complete and accurate information regarding CMS stock, including, but not limited to, by failing to disclose accounting and other irregularities, which artificially inflated the value of CMS stock, and misleading participants and beneficiaries regarding the soundness of CMS stock, and the prudence of investing their retirement benefits in CMS stock.

58. Because investment in the Fund was by definition not diversified, such investment carried with it an inherently high degree of risk. This inherent risk made the Defendants' duty to provide complete and accurate information particularly important with respect to the CMS Stock Fund.

59. Defendants withheld and concealed material information, and mislead participants and beneficiaries about CMS' earnings prospects and business condition, and, thus, the appropriateness of investing in CMS Stock. These actions and failures to act caused participants and beneficiaries of the Plan to continue to make and to maintain substantial investments in the CMS Stock Fund in the Plan at a time when Defendants knew or should have known that the Fund was not a prudent investment option.

60. Each Defendant knowingly participated in these fiduciary breaches of its co-fiduciaries, enabled its co-fiduciaries to commit such fiduciary breaches by its own failure to comply with the provisions of ERISA § 404(a), 29 U.S.C. § 1104(a), and had knowledge of the breaches of its co-fiduciaries and failed to make reasonable efforts to remedy such breaches.

61. In addition to its liability as a fiduciary, Defendant CMS has liability, to the extent it acted with respect to the Plans in a non-fiduciary capacity, as a knowing participant in the

Page 12

fiduciary breaches of the other Defendants.  CMS was and is a party in interest to the Plan within the meaning of ERISA § 3(14), 29 U.S.C. § 1002(14), because it was and is (a) a fiduciary of the Plan; (b) a person providing services to the Plan; (c) an employer with some employees covered by the Plan; and/or (d) a corporation fifty percent or more of which is owned directly or indirectly by persons described in subparagraphs (a), (b) or (c).  As such, CMS had a duty under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) to refrain from participating in any breaches of fiduciary duty with respect to the Plan when, as here, it had actual or constructive knowledge of such breaches.

62.    CMS knowingly participated in its own and the other Plan fiduciaries' breaches described above, with actual or constructive knowledge of those breaches, in violation of ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

63.    In addition to its liability as a fiduciary, Defendant Consumers has liability, to the extent it acted with respect to the Plans in a non-fiduciary capacity, as a knowing participant in the fiduciary breaches of the other Defendants.  Consumers was and is a party in interest to the Plan within the meaning of ERISA § 3(14), 29 U.S.C. § 1002(14), because it was and is (a) a fiduciary of the Plan; (b) a person providing services to the Plan; (c) an employer with some employees covered by the Plan; and/or (d) a company fifty percent or more of which is owned directly or indirectly by persons described in subparagraphs (a), (b) or (c).  As such, Consumers had a duty under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) to refrain from participating in any breaches of fiduciary duty with respect to the Plan when, as here, it had actual or constructive knowledge of such breaches.

64.    Consumers knowingly participated in its own and the other Plan fiduciaries' breaches described above, with actual or constructive knowledge of those breaches, in violation of ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

65.    As a direct and proximate result of the breaches of fiduciary and co-fiduciary duties alleged herein, the Plan, including the account balances of the Plan participants, lost millions of dollars.

Page 13

M.\TM'CLASS ACTION\COMPLAINT.DOC

66.     Pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) and 29 U.S.C. § 1109(a), Defendants in this Count are liable to restore the losses to the Plan caused by the Defendants' breaches of their fiduciary, and co-fiduciary duties, as well as by their breaches of the duties imposed upon them as non-fiduciaries with actual or constructive knowledge of the conduct alleged herein.

## COUNT II
## FAILURE TO ENSURE THAT PLAN ASSETS WERE INVESTED PRUDENTLY
### (Breaches of fiduciary and co-fiduciary duties in violation of ERISA, 29 U.S.C. § 1104(a)(1)(A)-(D), 29 U.S.C. § 1105)

67.     Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

68.     At all relevant times, Defendants acted as fiduciaries within the meaning of ERISA 3(21)(A), 29 U.S.C. § 1002(21)(A).

69.     At all relevant times, each Defendant also acted as a co-fiduciary of the other Defendants and the other Plan fiduciaries within the meaning of ERISA § 405, 29 U.S.C. § 1105.

70.     Under ERISA, fiduciaries are responsible for the prudence of plan investments unless plan participants and beneficiaries themselves exercised effective and informed control over their individual accounts.  ERISA § 404(c), 29 U.S.C. 1104(c).

71.     Plan participants and beneficiaries did not exercise such control in this case as Defendants failed to provide them with complete and accurate information regarding CMS stock, and mislead them regarding the appropriateness of CMS stock as a Plan asset.  Therefore, Defendants remained responsible for ensuring that Plan assets were invested prudently, and liable for losses that were incurred as a result of imprudent investments.

72.     During the Class Period, none of the Defendants reasonably could have determined that CMS stock was a suitable and appropriate investment for the Plan.  However, upon information and belief, Defendants managed, directed, and approved investment of Plan assets in CMS stock.  In addition to encouraging participants to invest in CMS stock, Defendants

Page 14

allocated all matching contributions and incentive compensation to CMS stock.   Thus, Defendants breached their fiduciary and co-fiduciary duties by failing to ensure that Plan assets were invested prudently.

73.   CMS knowingly participated in its own and the other Plan fiduciaries' breaches described above, with actual or constructive knowledge of those breaches, in violation of ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

74.   As a direct and proximate result of the breaches of fiduciary and co-fiduciary duties alleged herein, the Plan, and indirectly Plaintiff and the Plan's other participants and beneficiaries, lost millions of dollars.

75.   Pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) and 29 U.S.C. § 1109(a), Defendants in this Count are liable to restore the losses to the Plan caused by the Defendants' breaches of their fiduciary, and co-fiduciary duties, as well as by their breaches of the duties imposed upon them as non-fiduciaries with actual or constructive knowledge of the conduct alleged herein.

**COUNT III**
**FAILURE TO MONITOR THE PLAN'S FIDUCIARIES**

**(Breaches of fiduciary and co-fiduciary duties in violation of ERISA, 29 U.S.C. § 1104(a)(1)(A)-(D), 29 U.S.C. § 1105)**

76.   Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if set forth fully herein.

77.   At all relevant times, Defendants acted as fiduciaries, within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A) with respect to the Plan to the extent that they were charged with, responsible for, and/or otherwise assumed, the duty of selecting, monitoring, and, when and if necessary, removing other Plan fiduciaries, including but not limited to those persons specifically identified as Plan fiduciaries in Plan documents, including Members of the Plan's Finance and Pension Committee, and investment managers, if any, appointed by the Plan fiduciaries.

Page 15

M.\TM'CLASS ACTION\COMPLAINT.DOC

78. A fiduciary's duties of loyalty and prudence also entail a duty to conduct an independent investigation into, and continually to monitor, the merits of the investment alternatives in the Plan, including employer securities, to ensure that each investment is suitable. Thus, in connection with its duty to monitor the Plan's other fiduciaries, Defendants were responsible for monitoring the manner in which those fiduciaries were investing the Plan's assets within the fund options, as well as the investment of profit sharing contributions.

79. As fiduciaries with knowledge that Plan assets were being invested in CMS stock by investing fiduciaries, Defendants also had an affirmative duty to disclose to the investing fiduciaries such material facts about the financial condition of CMS that these Defendants knew or should have known the investing fiduciaries needed in order to make sufficiently-informed decisions, based on accurate information, concerning those investments.

80. At all relevant times, each Defendant in this Count also was, and acted as, a co-fiduciary of the other Defendants and the other Plan fiduciaries within the meaning of ERISA § 405, 29 U.S.C. § 1105.

81. Defendants breached the fiduciary and co-fiduciary duties they owed to Plaintiff, and the other plan participants and beneficiaries by:

> (a) failing to adequately monitor the investing fiduciaries' investment of Plan assets;
>
> (b) failing to adequately monitor the Plan's other fiduciaries' implementation of the terms of the Plan, including but not limited to the investment of Plan assets;
>
> (c) failing to disclose to the investing fiduciaries material facts concerning the financial condition of CMS that they knew or should have known were material to loyal and prudent investment decisions concerning the use of CMS stock in the Plan and/or with respect to the implementation of the terms of the Plan;
>
> (d) failing to remove fiduciaries who they knew or should have known were not qualified to loyally and prudently manage the Plan's assets;

(e) failing to conduct an independent investigation into, and to continually monitor, the merits of investing Plan assets in CMS stock;

(f) knowingly participating in the investing fiduciaries' breaches by knowingly accepting the benefits of those breaches, both personally and on behalf of the CMS and Consumers;

(g) knowingly undertaking to conceal acts and omissions of those fiduciaries, knowing they constituted fiduciary breaches;

(h) having knowledge of those fiduciary breaches and failing to remedy them.

82.     CMS and Consumers knowingly participated in their own and the other Plan fiduciaries' breaches described above, with actual or constructive knowledge of those breaches, in violation of ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

83.     As a direct and proximate result of the breaches of fiduciary and co-fiduciary duties alleged herein, the Plan and the account balances of the Plan participants lost millions of dollars.

84.     Pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) and 29 U.S.C. § 1109(a), Defendants are liable to restore the losses to the Plan caused by the Defendants' breaches of their fiduciary, and co-fiduciary duties, as well as by their breaches of the duties imposed upon them as non-fiduciaries with actual or constructive knowledge of the conduct alleged herein.

## VII. COUNT IV
## FAILURE TO DISREGARD PLAN DIRECTIVES THAT DEFENDANTS KNEW OR SHOULD HAVE KNOWN WERE IMPRUDENT OR HARMFUL TO PLAN PARTICIPANTS AND BENEFICIARIES OR TO AVOID CONFLICTS OF INTEREST

**(Breaches of fiduciary and co-fiduciary duties in violation of ERISA, 29 U.S.C. § 1104(a)(1)(A)-(D), 29 U.S.C. § 1105)**

85.     Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if set forth fully herein.

86.   At all relevant times, Defendants acted as fiduciaries within the meaning of ERISA 3(21)(A), 29 U.S.C. § 1002(21)(A), and co-fiduciaries within the meaning of ERISA § 405, 29 U.S.C. § 1105.

87.   A fiduciary may not blindly follow plan documents or directives that would lead to an imprudent result, or that would harm plan participants or beneficiaries.   ERISA §404(a)(1)(d), 29 U.S.C. §1104(a)(1)(D).   On the contrary, a fiduciary's duty of loyalty and prudence require it to disregard plan documents or directives that it knows or reasonably should know would lead to an imprudent result, or otherwise would harm plan participants or beneficiaries.

88.   The fiduciary duty of loyalty also entails a duty to avoid conflicts of interest and to resolve them promptly when they occur.   A fiduciary must always administer a plan with single-minded devotion to the interests of the participants and beneficiaries, regardless of the interests of the fiduciaries themselves or the plan sponsor.

89.   Defendants breached the fiduciary duties and co-fiduciary duties they owed to Plaintiff, and the other plan participants and beneficiaries by investing Plan assets in CMS stock or allowing such investment, based on Plan documents, or directions by investment or other fiduciaries, despite knowing that CMS stock was not a prudent investment, and that its value was artificially inflated as a result of Defendants unlawful accounting practices.

90.   During the Class Period, Defendants knew or should have known that CMS stock was an imprudent investment, and that such investment would or was likely to harm plan participants and beneficiaries.   Therefore, during the Class Period, Defendants should have provided participants and beneficiaries with complete and accurate information about the appropriateness of CMS stock as a Plan investment, and also should have disregarded Plan documents, or directives to the extent they required investment of Plan assets in CMS stock.

91.   Defendants breached their duty to avoid conflicts of interest and to promptly resolve them when they occur by continuing to offer CMS stock as a Plan investment option during the Class Period, failing to engage independent fiduciaries who could make independent

Page 18

judgments concerning the Plan's investment in CMS stock, and the information provided to participants and beneficiaries concerning the stock, and by failing to take such steps as were necessary to ensure that the fiduciaries of the Plan did not have conflicts of interest, including the notification of the United States Department of Labor of the facts and transactions which made CMS stock an unsuitable investment for the Plan.

92.   CMS and Consumers knowingly participated in their own and the other Plan fiduciaries' breaches described above, with actual or constructive knowledge of those breaches, in violation of ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

93.   As a direct and proximate result of the breaches of fiduciary and co-fiduciary duties alleged herein, the Plan, and indirectly Plaintiff and the Plan's other participants and beneficiaries, lost millions of dollars.

94.   Pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) and 29 U.S.C. § 1109(a), Defendants are liable to restore the losses to the Plan, and indirectly to Plaintiff, and the Plan's other participants and beneficiaries, caused by the Defendants' breaches of their fiduciary, and co-fiduciary duties, as well as by their breaches of the duties imposed upon them as non-fiduciaries with actual or constructive knowledge of the conduct alleged herein.

### VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.   That the Court certify this action as a class action under Rule 23(b)(1), 23(b)(2) and 23(b)(3) with respect to the Plan Class;

B.   That the Court enter Judgment providing the following relief to Plaintiff, and the Plan Class:

1.   Joint and several liability against Defendants, requiring them to make the Plan whole for the losses incurred as a result of their violations of ERISA, pursuant to ERISA § 502(a)(2), 29 U.S.C. §1109(a);

M:\TM\CLASS ACTION\COMPLAINT.DOC

2.    Injunctive relief enjoining Defendants from continuing to violate their fiduciary duties under ERISA and the Plan documents, pursuant to ERISA §§ 409(a) and 502(a)(2) & (3), 29 U.S.C. §§ 1109(a), and 1132(a)(2) & (3);

3.    Other Injunctive and equitable relief as appropriate to remedy the breaches alleged above, pursuant to ERISA §§ 409(a) and 502(a)(2) & (3), 29 U.S.C. §§ 1109(a), and 1132(a)(2) & (3);

4.    Reasonable attorneys' fees and costs incurred by Plaintiff and the Plan Class, pursuant to ERISA § 502(g), 29 U.S.C. 1132(g);

5.    Interest on all Judgment amounts as provided by law; and

6.    Such other legal or equitable relief as may be just and proper.

DATED this 18th day of July, 2002.

Respectfully Submitted,

Courtney E. Morgan, Jr. (P29137)
Mazur Morgan Meyers & Kittel, PLLC
660 Woodward Ave., Suite 1490
Detroit, MI 48226
(313) 961-0130

Lynn Lincoln Sarko
Derek W. Loeser
Erin M. Riley
Keller Rohrback, LLP
1201 Third Ave., Ste. 3200
Seattle, WA 98101
(206) 623-1900

Robin L. Harrison
Justin M. Campbell, III
Campbell, Harrison & Dagley, LLP
4000 Two Houston Center
909 Fannin Street
Houston, TX 77010
(713) 752-2332

Page 20

M:\TM\CLASS ACTION\COMPLAINT.DOC

Gary Gotto
Laurie Ashton
**Dalton, Gotto, Samson & Kilgard P.L.C.**
National Bank Plaza
3101 N. Central Ave., Ste. 900
Phoenix, AZ 85012
(602) 248-0088

Burton H. Finkelstein
Andrew J. Morganti (P 57989)
**Finkelstein, Thompson & Loughran**
1050 30th Street, N.W.
Washington, D.C.  20007
(202) 337-8000

**Counsel for Plaintiff**

Page 21

M:\TM\CLASS ACTION\COMPLAINT.DOC